IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLENE L. MCKENZIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:20-cv-966-ECM |
| | ) | (WO) |
| ALABAMA CVS PHARMACY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Charlene McKenzie ("McKenzie") filed this action against defendant Alabama CVS Pharmacy, LLC ("Alabama CVS") alleging that she had been subjected to discrimination and retaliation based on her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*, and 42 U.S.C. § 1981. She seeks compensatory and punitive damages, injunctive relief, and attorney fees. The Court has jurisdiction over this matter pursuant to its federal question jurisdiction, 28 U.S.C. § 1331, and the jurisdictional grant in 42 U.S.C. § 2000e-5.

This action is now pending before the Court on the parties' joint motion to compel arbitration and stay litigation (doc. 11) filed on February 26, 2021. When McKenzie was hired by Alabama CVS, she "agreed . . . to arbitrate" claims arising out of her employment or termination of her employment. (*Id*. at 2, para. 3). The "[p]arties agree that all claims relevant to Plaintiff's lawsuit against Defendant fall within the terms of the arbitration agreement, and are therefore subject to binding arbitration." (*Id*. at 2, para. 4). The parties ask the Court to enter an order granting the motion to compel arbitration, and they request

that the Court stay this case pending arbitration. (*Id.* at 2). Upon consideration of the motions, and for good cause, the Court concludes that the motion to compel arbitration and the motion to stay should be granted.

## STANDARD OF REVIEW

Pursuant to the Federal Arbitration Act ("FAA"), "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy . . . arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The parties agree that a valid agreement to arbitrate exists between the parties, and they do not dispute that the arbitration provisions satisfy the FAA's requirement of a contract "involving commerce." *Id*. Consequently, the Court concludes that the parties' joint motion to compel arbitration should be granted.

The parties also request that the Court stay this action pending arbitration pursuant to Section 3 of the Federal Arbitration Act. (Doc. 11 at 2, para. 5). The Court is empowered pursuant to 9 U.S.C.§ 3 to stay this action while the parties submit to arbitration.

## CONCLUSION

Accordingly, upon consideration of the motions, and for good cause it is

ORDERED as follows:

1.   the parties' joint motion to compel arbitration (doc. 11) is GRANTED, and the parties shall submit to arbitration in accordance with the provisions of the arbitration agreement;

2. the parties' joint motion to stay (doc. 11) is GRANTED and this case is STAYED pending further order of the Court; and

3. on or before the fifth day of each month, beginning on **September 1, 2021**, the parties shall file a joint status report advising the Court of the status of the arbitration.

Done this 12th day of March, 2021.

                              /s/ Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE